IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                 Case No. 07-4115-SAC

STEPHANIE ROBNETT n/k/a STEPHANIE
NASH, SEAN NASH, and FEDERAL HOME
LOAN BANK OF TOPEKA,

      Defendants.

## ORDER

This matter comes before the court upon plaintiff's Motion of the United States to Amend Complaint to Dismiss Party Defendant Sean Nash and to Add Party Defendant Liberty Asset Management, LLC (Doc. 7). Plaintiff seeks to collect on a Rural Housing loan for certain property located in Columbus, Kansas made to defendants pursuant to Title V of the Housing Act of 1949. Defendants have not filed an answer. However, defendants Stephanie Robnett and Sean Nash have filed a Notice of Assignment of Redemption Rights (Doc. 5) which purports to assign to Liberty Asset Management, LLC their rights to the property in Columbus, Kansas. In the instant motion plaintiff seeks to amend its complaint to dismiss defendant Sean Nash and add Liberty Asset Management, LLC, as a party.

Fed. R. Civ. P. 15 governs the procedure for amending the pleadings. Rule 15(a) states, in pertinent part, that "[A] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served" or after a responsive pleading has been served "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[1] Under Rule 15(a),

---

[1] Fed. R. Civ. P. 15(a).

"[t]he 'responsive pleading' contemplates a *substantive* response to the allegations in the complaint."[2]

Here, because no responsive pleading has been filed, and the Notice of Assignment of Redemption Rights (Doc. 5) could not be construed as a substantive response to the allegations in the complaint, the court finds plaintiff is entitled to file its amended complaint once as a matter of course without the court's leave.

Additionally, even if leave of court were necessary, in considering whether to grant leave to amend, the court evaluates several factors including whether the amendment will cause undue delay or prejudice to the non-moving party.[3]  Here, the court finds that at this early stage in the litigation, little prejudice or delay will occur if it permits plaintiff to file an Amended Complaint.

Accordingly,

IT IS THEREFORE ORDERED plaintiff's Motion of the United States to Amend Complaint (Doc. 7) is granted.. The court directs the Clerk to file Attachment 1 to Doc. 7 as plaintiff's First Amended Complaint.

IT IS SO ORDERED.

Dated this   27th day of November, 2007, at Topeka, Kansas.

                                       s/ K. Gary Sebelius
                                      K. Gary Sebelius
                                      U.S. Magistrate Judge

---

[2]*Am. Bush v. City of South Salt Lake*, 42 Fed. Appx. 308, No. 01-4121 & 01-4122, 2002 U.S. App. LEXIS 13397 at * 5 (10th Cir. July 5, 2002)(emphasis added).

[3] *Little v. Reed-Prentice Div. Of Package Mach. Co.*, 131 F.R.D. 591, 593 (D. Kan. 1990) (citations omitted).